**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 06-151-DLB**

**ZURICH AMERICAN INSURANCE COMPANY**                          **PLAINTIFF**

**vs.**                        **MEMORANDUM ORDER**

**SHEILA Y. BLEVINS, ET AL**                                         **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I.     Introduction**

Upon the Court's review of this recently reassigned matter, the record reflects a pending motion (Doc. # 35) by Defendants Brenda Mullins, Janet Keen, and Marilyn Stephenson to alter, amend, or set aside Senior Judge Henry Wilhoit's May 3, 2007 Order. That Order (Doc. # 32) granted Zurich's motion to deposit funds into the Court Registry, totaling $308,284.21, pending adjudication of the proper beneficiary.[1]  By their motion, Defendants Mullins, Keen, and Stephenson request the Court set aside that portion of Senior Judge Wilhoit's Order which awarded $13,715.79 in fees and expenses to Zurich's counsel.  In its written response, Zurich objects to any alteration or amendment of Judge Wilhoit's Order (Doc. # 37).  The time for the filing of any reply having long expired, the motion is now ripe for the Court's review.  After review of the parties' filings, and for the reasons set forth below, the motion is **denied**.

---

[1] This amount consisted of the total death benefits of $322,000.00 minus attorney fees and expenses totaling $13,715.79.

## II.     Factual and Procedural Background

According to the complaint, this interpleader action filed pursuant to Rule 22 arises from the January, 2004 deaths of Cheryl and Gary Young at the hands of Gary's son, Andrew Young, and an accomplice. The death certificates indicate that Cheryl Young died approximately thirty minutes before her husband.

At the time of her death, Cheryl Young participated in two ERISA benefit plans sponsored by her employer, Alltel. Both plans were funded by Plaintiff Zurich. Cheryl Young was survived, albeit briefly, by her husband Gary, as well as her sisters, Defendants Keen, Mullins, Stephenson, Cherry and Womack. Gary Young was survived by his son Andrew, his grandson Defendant Gavin Davis, and two brothers, Michael Young and David Young.

In June 2004, Zurich received a claim from Gary Young's estate requesting payment under the aforementioned plans. Zurich issued two checks totaling $322,000.00 to Alltel for distribution to Sheila Blevins, the Administratrix of Gary Young's estate. Zurich subsequently learned that other relatives were claiming entitlement to the proceeds. During probate proceedings in Carter County District Court, the state district judge ordered that the proceeds be returned to Zurich. Blevins thereafter returned the funds to Zurich, who then initiated this interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure asking the Court to determine the proper beneficiary of the two ERISA benefit plans. The named Defendants are individuals who either claim an entitlement to the plan proceeds (Blevins, on behalf of the Estate of Gary Young, Keen, Mullins, and Stephenson), or individuals who may claim such an entitlement (Davis, Cherry, Womack, Michael Young, and David Young)

In its original motion filed April 13, 2007, Zurich moved for leave to deposit funds representing $322,000.00 in benefits from the two policies, minus its costs and attorney fees ($13,715.79) incurred in bringing the instant action, into the Court's registry. (Doc. # 31). Although the objecting Defendants (Keen, Mullins, and Stephenson) had been served on November 25, 2006 and filed their Answer on December 11, 2006, they did not file any response to the motion. Senior Judge Wilhoit sustained the motion, entering an Order permitting the deposit of the policy proceeds and awarding Zurich its attorney fees and costs and fees in the amount of $13,715.79  (Doc. # 32).

In their pending motion, Defendants Mullins, Keen and Stephenson maintain that the award of fees and costs is inequitable and should be vacated (Doc. # 35). They argue that because the distribution was reduced through no fault of their own, and any fees were caused through Zurich's own negligence, awarding fees and costs is unwarranted. Zurich submits that the motion should be denied on two primary grounds. First, the motion is untimely. Second, the detailed affidavit by counsel reflects the great extent to which Plaintiff's counsel went to determine the proper beneficiary of the plan proceeds.

**III.   Analysis**

In an action by a plan participant, beneficiary, or fiduciary, the court, in its discretion, "*may* allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (emphasis added); *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005). The Sixth Circuit follows a five-factor balancing test to determine when a fee award is appropriate. *See Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). This *King* test takes into account:

> (1) the degree of the opposing party's culpability or bad faith;
> (2) the opposing party's ability to satisfy an award of attorney's fees;
> (3) the deterrent effect of an award on other persons under similar circumstances;
> (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
> (5) the relative merits of the parties' positions.

*Id.*; *see also Maurer v. Joy Techs., Inc.*, 212 F.3d 907, 919 (6th Cir. 2000). No single factor is dispositive, and courts are generally directed to weigh each factor in making the fee determination. *See Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998). To that effect, district courts are given broad discretion in awarding fees in ERISA actions. In this case, it is the judgment of this Court that the prior order awarding fees and costs is warranted as dictated by the *King* factors.

First, the factual assertions complained of in the motion to alter or amend, in addition to being vague and lacking in detail, are not in the nature of the type of conduct found in *First Trust* as not warranting a fee award. Although Defendants Mullins, Keen, and Stephenson assert Zurich acted negligently in initially paying the proceeds to the Estate of Gary Young, the record reveals otherwise. Based on the timing of the deaths, and the language of the plan documents, it was certainly reasonable for Zurich to conclude that the Estate of Gary Young should receive the plan proceeds. Additionally, once Zurich was placed on notice that other potential beneficiaries were claiming an interest in the proceeds, they identified all potential beneficiaries and filed this instant action to enable the Court to make the final determination. Simply put, consideration of the first *King* factor favors an award of fees and costs herein.

The second *King* factor neither favors nor disfavors an award of fees and costs herein. Because the award was paid from plan proceeds, the ability to pay an award is not an issue.

The third *King* factor also favors an award of fees and costs herein. ERISA plan participants should be encouraged to determine the proper beneficiary of plan proceeds and should not be dissuaded in their efforts to do so. Once Zurich was notified that other potential beneficiaries may be claiming an interest in the plan proceeds, efforts to determine the universe of those potential beneficiaries and filing the instant interpleader action were both prudent and warranted.

Consideration of the fourth *King* factor herein also favors the award of fees and costs. By investigating the pool of potential beneficiaries and filing the instant action, Zurich was seeking to have the Court determine who should receive the plan proceeds. By doing so, Zurich was attempting to confer a common benefit on all potential beneficiaries of the ERISA plan proceeds.

Finally, at this stage of the proceedings, the Court will intentionally withhold comment on the relative merits of the parties' positions, the fifth *King* factor. Suffice is to say, while it is apparent to the Court why Zurich initially took the position that the Estate of Gary Young should receive the proceeds of both plans, the rationale of the other Defendants as to why they should be designated as the beneficiaries is not so clear. The merits of the individual Defendants' positions on why they should receive the plan proceeds will be addressed once a briefing schedule has been established.

Upon consideration of the five *King* factors to the case herein, and the Court's review of the affidavit of Angela Logan Edwards revealing that the fees and costs are reasonable,

Senior Judge Wilhoit's May 3, 2007 Order will not be altered or amended in any way. Accordingly,

**IT IS ORDERED** that the motion of Defendants Mullins, Keen, and Stephenson to alter, amend, or set aside Judge Wilhoit's May 3, 2007 Order be, and is hereby **DENIED**.

This 18th day of July, 2007.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\AshCivil\06-151-Memorandum Order 7-18-07.wpd